UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:           -CIV-

JOSE HERRERA,

    Plaintiff,

v.

FLORIDIAN FACILITY OPERATIONS,
LLC

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, JOSE HERRERA (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, FLORIDIAN FACILITY OPERATIOINS, LLC. (hereafter referred to as "Defendant") and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of the American with Disabilities Act of 1990, 42 U.S.C. Sec. 1211, *et seq.* (hereafter referred to as "ADA") and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760 *et seq.* (hereafter referred to as "FCRA").

## PARTIES

2. Plaintiff, JOSE HERRERA, is an adult, male citizen of Miami-Dade County, Florida.

3. Defendant, FLORIDIAN FACILITY OPERATIONS, LLC is a Florida corporation authorized to conduct business in the State of Florida and in Miami-Dade County, Florida.

4. Defendant was a "person" and/or "employer" pursuant to Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, *et seq.* since it employs fifteen or more employees for the applicable statutory period; and it is subject to employment discrimination provisions of the applicable statute, the FCRA.

5. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et seq.

6. At all times material hereto Defendant was an "employer" within the meaning of Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et seq.

7. At all times material hereto Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760, et seq.

8. At all times material hereto, Plaintiff is an "employee" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq*.

9. At all times material hereto, Defendant is an "employer" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq*.

## JURISDICTION AND VENUE

10. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§131, 1343, and 1367.

11. Venue is proper because the events/employment practices alleged in this Complaint to be unlawful were committed in Miami-Dade County, within jurisdiction of this Honorable Court.

12. Plaintiff filed a charge of discrimination against Defendant with the Equal Opportunity Commission (hereafter referred to as "EEOC") and the Florida Commission on Human Relations (hereafter referred to as "FCHR").

13. Plaintiff files this complaint within 90 days after receiving a Notice of Right to Sue from the EEOC.

14. All conditions precedent for the filing of this action before this Honorable Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## **FACTUAL ALLEGATIONS**

15. On or about March 2015, Plaintiff became employed by Defendant as a Licensed Nurse Practitioner.

16. On or about May 2016, Plaintiff was diagnosed with Human Immunodeficiency Virus or HIV positive.

17. Immediately after being diagnosed, Plaintiff notified his supervisor.

18. Following Plaintiff's disclosure of his HIV status to Defendant, Plaintiff was subjected to harassment, bullying, and discrimination by the administrator, Susan Otiniano, and by the Director of Nursing, Yelmar Acosta.

19. Plaintiff was suspended for 3 days by his administrator, Susan Otiniano, because of his lesions.

20. On or around July 2016, Plaintiff requested FMLA and was approved for one month.

21. Upon Plaintiff's return from FMLA, Plaintiff's hours were reduced from 80 hours bi-weekly to 72 hours.

22. Plaintiff voiced his complaint to Human Resources, but Human Resources said there were too many nurses for all of them to have 80 hours. However, the new nurses being hired were given a full-time schedule.

23. Upon returning from FMLA, Plaintiff was constantly questioned about his HIV status and receiving write-ups that he never received prior to his HIV diagnosis.

24. Plaintiff had a PICC Line to his Cephalic vein which Susan Otiniano touched one time without Plaintiff's permissions in order to "fix it" and not offend any patients.

25. Plaintiff was told by Defendant that he needed to cover up his lesions with make-up because they were offensive to the families and residents of the Center.

26. Plaintiff responded by saying that he was under medical treatment for the lesions and did not need make-up but Defendant insisted on him wearing make-up.

27. Plaintiff made at least three (3) complaints to Human Resources about the work-environment, but Human Resources never did anything to address or resolve the issues.

28. On one occasion, Yalmar Acosta, while in the presence of Human Resources Specialist Marcia Ramirez, that he did not to speak to Plaintiff for any reason.

29. Plaintiff's medical condition did not and does not affect his performance as a Licensed Nurse Practitioner.

30. Prior to Plaintiff's diagnosis, he had not received any write-ups from Defendant.

31. Plaintiff has received letters from former patients stating how grateful they are for his work.

32. On or about April 10, 2017, Defendant terminated Plaintiff.

## COUNT I
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-32 above as is set out in full herein.

34. Plaintiff is a member of a protected class under the ADA.

35. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected Plaintiff to disability-based animosity.

36. Such discrimination was based upon the Plaintiff's disability in that the Plaintiff would not have been the object of discrimination but for the fact of his medical condition.

37. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

38. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

39. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

40. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

41. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

42. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

43. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

44. The American with Disabilities Act, 42 U.S.C. Sec. 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge or employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. Sec. 12112.

45. Plaintiff was fully qualified to be employed by Defendant and could perform all the essential function of the position held with Defendant.

46. Defendant is a covered employer to which the ADA applies.

47. Defendant terminated and disqualified Plaintiff form employment because of Plaintiff's disability.

48. Defendant made no individualized assessment to determine whether Plaintiff could perform the essential functions of the job and be employed by Defendant, or whether a reasonable accommodation would enable him to be employed by Defendant, as required under the ADA.

49. Defendant's termination and disqualification of Plaintiff on the basis of his disability and Defendant's failure to make an individualized assessment to determine whether Plaintiff could be employed or whether a reasonable accommodation would enable him to be employed by Defendant violated the ADA.

50. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the ADA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA

51. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-32 above as is set out in full herein.

52. Plaintiff is a member of a protected class under the FCRA.

53. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

54. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff suffered a work-related injury/medical condition.

55. Defendant's conduct complained of herein is willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

56. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

57. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

58. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

59. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

60. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice and reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law to punish the Defendant for its actions and to deter it, and others from such action in the future.

61. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and pre-judgment interest at amounts to be provided at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223